UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARLIE BONILLA RIVERA,

                                      Plaintiff,                        18-CV-122Sr

v.

NANCY A. BERRYHILL,

                                      Defendant.

_____

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #19.

## BACKGROUND

Plaintiff applied for supplemental security income ("SSI"), with the Social Security Administration ("SSA"), on April 23, 2014, at the age of 30, alleging disability beginning June 1, 2009, due to depression, bipolar, mental illness, anxiety and insomnia. Dkt. #6, pp.21 & 49.

On November 10, 2016, plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert, Sandra Smith-Cordingly, before

Administrative Law Judge ("ALJ"), Timothy McGuan. Dkt. #6, pp.33-45. Plaintiff's attorney noted that he had submitted additional medical records and that the medical record was now complete. Dkt. #6, p.35.

Plaintiff testified that he suffered from nightmares and sometimes heard voices of his sister or nieces calling him for help, which caused him constant worry that something was going to happen to them. Dkt. #6, p36 & 38. He lives with his sister, who performs all the household chores. Dkt. #6, pp.37 & 40. Plaintiff testified that he was diagnosed with PTSD due to the death of his parents when he was five, the subsequent death of most of his family, his placement in social services and homelessness. Dkt. #6, pp.36-37. He spends most of his time in his room thinking about who was going to die next, hoping that he dies first. Dkt. #6, p.39. At night, he often roamed the house checking the window and doors to make sure they are locked. Dkt. #6, p.39.

When asked to assume a younger individual with an 11th grade education, no exertional limitations, but non-exertional limitations of occasional interaction with the public and no limitations with co-workers or supervisors, and occasional ability to understand, remember and carry out complex and detailed tasks, the vocational expert testified that such a person could perform the jobs of automatic grinding machine operator and document preparer, each of which were unskilled sedentary positions. Dkt. #6, pp.42-43.

The ALJ rendered a decision that plaintiff was not disabled on March 29, 2017. Dkt. #6 pp.21-28. The Appeals Council denied review on November 2, 2017. Dkt.

#6 p.4 Plaintiff commenced this action seeking review of the Commissioner's final decision on January 24, 2018. Dkt. #1.

**DISCUSSION AND ANALYSIS**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is

not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since April 23, 2014; (2) plaintiff's mood disorder and anxiety disorder constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform a full range of work at all exertional levels with non-exertional limitations of occasional interaction with the public and occasional ability to understand, remember and carry out complex and detailed tasks; and (5) plaintiff had no past relevant work but retained the functional capacity to work in unskilled positions such as grinding machine operator or document preparer and was not, therefore, disabled within the meaning of the SSA. Dkt. #6, pp.23-28.

Plaintiff argues that the ALJ failed to develop the record, which contained only two actual treatment notes despite the fact that he was in treatment from July of 2014 to the beginning of 2016 and from July 2016 to the date of his hearing in November of 2016. Dkt. #12-1, pp.10-12. Plaintiff further argues that the ALJ failed to evaluate plaintiff's diagnosis of PTSD, exacerbated by an incident in which a co-worker threatened him with a gun, and determined that plaintiff was capable of unlimited interaction with coworkers despite evidence of this diagnosis and incident. Dkt. #12-1, pp.13-16. Finally, plaintiff argues that the ALJ failed to account for plaintiff's moderate limitations in dealing with stress. Dkt. #12-1, pp.16-18.

The Commissioner responds that plaintiff's attorney stated that the record was complete and that plaintiff has failed to demonstrate that additional treatment records were available or that they would have changed the outcome of the ALJ's decision. Dkt. #17-1, pp.14-15. The Commissioner further argues that although the ALJ failed to recognize plaintiff's PTSD as a severe impairment, the ALJ did consider plaintiff's PTSD symptoms in determining that plaintiff should have no more than occasional contact with the public. Dkt. #17-1, pp.15-16.

In light of the essentially non-adversarial nature of a social security proceeding, it is well accepted that an ALJ has an affirmative duty to develop the administrative record. *See, e.g., Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). Due to the difficulty in determining whether individuals suffering from mental illness will be able to adapt to the demands or stress of the workplace, the duty to develop the

record is particularly important where mental illness is present. *Marcano v. Berryhill*, 17 Civ. 4442, 2018 WL 5619749, at * 11 (S.D.N.Y. July 13, 2018). This duty exists even when the claimant is represented by counsel. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). However, the ALJ is required to seek out additional evidence only where there are obvious gaps in the record. *Eusepi v. Colvin,* 595 Fed. App'x 7, 9 (2d Cir. 2014).

In the instant case, although the ALJ should be able to rely upon an attorney's representation that the medical record is complete, where, as here, there are only two individual progress notes (Dkt. #6, pp.323-326), regarding plaintiff's allegedly disabling mental health conditions for which plaintiff sought treatment for approximately 18 months, the ALJ has a responsibility to seek out such records. *See Clark v. Comm'r of Soc. Sec'y*, 15 Civ. 8406, 2017 WL 1162204, at *3 (S.D.N.Y. Mar. 27, 2017). The absence of such records cannot be deemed harmless, as the psychiatric evaluation and diagnostic reviews contained within the record do not contain observations to inform the ALJ's determination of plaintiff's RFC. *Id.* at *4. Moreover, the ALJ's failure to acknowledge plaintiff's diagnosis of PTSD, as distinguished from the ALJ's analysis of plaintiff's mood and anxiety disorders, requires remand. See *Bleil v. Colvin,* 3:15-CV-1492, 2017 WL 1214499, at *8 (N.D.N.Y. Mar. 31, 2017); *Wahler v. Colvin*, 11-CV-1096, 2014 WL 6390320, at *8-9 (W.D.N.Y. Nov. 17, 2014). Although such an error could be harmless if the ALJ addressed the symptoms caused by PTSD in his RFC analysis, *See Newell v. Colvin*, 15-CV-6262, 2016 WL 4524809, at *13 (W.D.N.Y. Aug. 30, 2016), the ALJ's hypothetical to the vocational expert explicitly imposed no limitations on plaintiff's ability to interact with co-workers or supervisors even though he

determined that plaintiff had moderate limitations in interacting with others at step two of the sequential analysis and even though he acknowledged plaintiff's report of being traumatized by a coworker who confronted him with a gun at his home and accepted the opinions of the consulting examiner, medical provider and state medical consultant that plaintiff was moderately limited in his ability to relate adequately with others and socialize. Dkt. #6, pp.24-26, 42 & 228. *See Smith v. Colvin*, No. 16-CV-295, 2017 WL 489701, at *3 (W.D.N.Y. Feb. 7, 2017) (limitation in interacting with the public is not equivalent to a limitation interacting with coworkers or supervisors).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #12), is granted and the Commissioner's motion for judgment on the pleadings (Dkt. #17), is denied. The matter is remanded for further proceedings consistent with this Decision and Order.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:** Buffalo, New York
August 1, 2019

      *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**